In the Matter of the Estate of Elsie H. Marks, Deceased. Theodore J. Marks et al., Appellants; Aaron D. Samuels et al., as Executors of Elsie H. Marks, Deceased, et al., Respondents.

No opinion. Brennan, Acting P. J., Rabin, Hopkins and Nolan, JJ., concur; Benjamin, J., dissents and votes to reverse the order and to disapprove the proposed contract of sale, with the following memorandum: This application for court approval of a proposed contract for the sale of real property was made under section 215 of the Surrogate's Court Act. Under that section, if approval is granted, the fiduciary is thereby relieved of future objections that the estate or legatees "suffered a loss on account of the time or manner of sale or the price realized." Such applications traditionally are entertained by the court only in extraordinary and exceptional circumstances, and approval is sparingly and rarely granted (4 Jessup-Redfield, Surrogates' Law and Practice, §§ 2952, 3370; 3 Warren's Heaton, Surrogates' Courts [6th ed.], § 256). This estate consists of the subject real property and from $18,000 to $24,000 in cash. Testatrix left $5,000 in trust for an infant son; one third of her estate to her husband, of which $2,500 was payable in cash, and the balance in trust for his life with the remainder to their daughter; and the remainder of her estate in trust for the daughter until age 25, when the remainder would be paid to her. The husband and daughter (who receive practically the entire estate) strongly object to the proposed sale of the real property for $72,000. In my opinion, this record discloses neither need nor authority for a court order approving this sale over their objections; nor is there here any showing warranting a departure from the usual rule against the entertainment of such applications. Cash is needed only for taxes, administration expenses, the $5,000 trust for the infant son, and $2,500 for the cash bequest to the husband; and there appears to be ample cash in the estate for these purposes. The subject property contains about 50,000 square feet, with substantial frontage on Fulton Street and Gynne Lane in Farmingdale. It is in a Business DD zone. In that zone, multiple dwellings, garden-type apartment houses and commercial buildings (like banks, restaurants, clubs and nursing homes) can be erected pursuant to special use permits. The only proof in the record as to the value of the property is based upon its use for a garden-type apartment house. There is no proof of its value if differently used. There is proof (if indeed any were needed) that in this area values have been rising steadily. And it seems clear that the property is actually worth substantially more than the proposed sale price. In light of all these facts, I see no compelling reason or need for entertainment of this application or for the sale of this real property over the strenuous objections of those to whom it rightfully belongs. Certainly, it cannot be said that the sale is for the benefit of the estate, where the real owners of the estate insist that it be not sold, and the sole reason for its sale appears to be the executors' desire to free themselves, personally, from a troublesome situation. The decedent's will empowers the executors to sell this real property. There are here no extraordinary circumstances that justify the court in absolving the executors of responsibility in advance for a sale they have authority to make under the will. If they want to make this sale, over the legatees' objections, they

should do so on their own responsibility and take the risk of a surcharge if the property is actually worth substantially more or should not have been sold at this time. On this record, it is my opinion that the Surrogate should not have entertained this application; and if he chose to entertain it, he should have disapproved the proposed contract of sale.